UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD L. COBB, | No. 2:23-cv-00410 KJM AC PS |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| STATE OF CALIFORNIA, | |
| Defendant. | |

Plaintiff is proceeding in this action pro se. The case was referred to the undersigned by E.D. Cal. R. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

I. SCREENING

A determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a

1  "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed
2  in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is
3  entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the
4  relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and
5  directly.  Fed. R. Civ. P. 8(d)(1).

6       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
7  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the
8  court will (1) accept as true all the factual allegations contained in the complaint, unless they are
9  clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the
10 plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von
11 Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert.
12 denied, 564 U.S. 1037 (2011).

13      The court applies the same rules of construction in determining whether the complaint
14 states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court
15 must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must
16 construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a
17 less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520
18 (1972).  However, the court need not accept as true conclusory allegations, unreasonable
19 inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,
20 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice
21 to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,
22 556 U.S. 662, 678 (2009).  To state a claim on which relief may be granted, the plaintiff must
23 allege enough facts "to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at
24 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the
25 court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
26 Iqbal, 556 U.S. at 678.

27      A pro se litigant is entitled to notice of the deficiencies in the complaint and an
28 opportunity to amend unless the complaint's deficiencies could not be cured by amendment.  See

1  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as
2  stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

## II.  THE COMPLAINT

Plaintiff was employed by the State of California Department of Transportation from 1991 to 2005.  ECF No. 1.  Beginning in 2001, plaintiff began to complain to his supervisor about the "haphazard ways others had rated bridges" and he became subject to "an unrelenting pattern of harassment" for his complaints.  Id.  In May of 2002 he was threatened with physical violence by a co-worker.  Id. at 3.  In early 2004 plaintiff was ordered to make a report stating he had inspected bridges when he had not; when he refused, his pay was reduced by 5 percent.  Id.  In 2004, plaintiff informed California's state auditor and the American Society of Engineers about defendant's corrupt activities.  Id. at 4.  Plaintiff was then suspended for 30 days without pay.  Id. at 5.  When he returned to work plaintiff was again ordered to make false reports, and following plaintiff's refusal to do so, he was terminated from employment on January 12, 2005.  Id.

Plaintiff has since relocated to Washington, D.C., but alleges that defendant continues to violate his right to speak by, for example, terminating his Supplemental Nutrition Assistance Program funds on August 2, 2023.  Id. at 6.  Plaintiff proceeds on a single claim, asserting that his rights under the First Amendment were violated.  Id. at 6.  Plaintiff seeks $3,510,000.00 in damages, as well as injunctive relief.  Id. at 7.

## III.  ANALYSIS

This case must be dismissed because it is time-barred.[1]  Plaintiff's claims are based on actions taken between 2001 through his employment termination in 2005.  ECF No. 1.  Title 42 U.S.C. Section 1983 provides a cause of action for the deprivation of "rights, privileges, or immunities secured by the Constitution or laws of the United States" against a person acting "under color of any statute, ordinance, regulation, custom, or usage."  Gomez v. Toledo, 446 U.S.

---

[1] The court notes that plaintiff brought a similar case in 2001 based on other alleged constitutional violations during his time at DOT; that case was dismissed on the merits with prejudice based on time bar.  Cobb v. State of California, 2:21-cv-1234 JAM KJN (E.D. Cal.).  This first case was very similar to the case at bar, but predicated on a Fourteenth Amendment claim rather than a First Amendment claim, and focused on plaintiff's refusal to submit falsified time sheets rather than falsified inspection reports.

635, 639 (1980). "Section 1983 is not itself a source of substantive rights; rather it provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393–394 (1989). To state a claim for relief under Section 1983, a plaintiff must allege that the defendant (1) acted under color of state law; and (2) caused a plaintiff to be deprived of a right secured by the Constitution or laws of the United States. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009).

The statute of limitations (the time period in which a plaintiff may sue) for an alleged §1983 violation is two years. Cal. Civ. Pro. § 335; Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004) (applicable statute of limitations for Section 1983 actions is drawn from forums state's limitations period for personal injury actions; in California, a two-year limitations period was made effective as of January 1, 2003). A federal civil rights claim "accrues," and the statute of limitations begins to run, "[w]hen the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." Wallace v. Kato, 549 U.S. 384, 388 (2007) (noting that while federal courts apply state statutes of limitation, the accrual date of a Section 1983 cause of action is a question of federal law). Thus, even under a "light most favorable" reading of plaintiff's complaint, any civil rights claim would have accrued at the latest in 2005 — when his employment was terminated.

Plaintiff's present complaint, filed 2023, came to this court well beyond the two-year statute of limitations. Cal. Civ. Pro. § 335; see also, e.g., Rogers v. City of Grover Beach, 2020 WL 5868038, at *3 (C.D. Cal. Aug. 21, 2020) (dismissing Section 1983 complaint alleging due process violation as beyond California's two-year statute of limitations which "expire[d] two years from the time plaintiff knows or has reason to know of his injury"). Accordingly, the claims are untimely.

Plaintiff cannot evade the statute of limitations by relying on the allegation that California DOT caused the termination of his SNAP benefits in Washington D.C. more than 16 years after his employment was terminated. See ECF No. 1 at 6 (alleging cancellation of SNAP benefits was caused by various elected officials in D.C. and its environs, acting as "agents" of defendant State of California). This allegation is conclusory, unsupported, and not plausible. It therefore cannot

support a freestanding claim for relief, see Iqbal, 556 U.S. at 678, and cannot support a later claim accrual date or extension of the limitations period regarding the events of 2001 through 2005.

Because the complaint is untimely, it must be dismissed with prejudice.

### IV. PRO SE PLAITNIFF'S SUMMARY

It is being recommended that your case be dismissed with prejudice because it is based on events that occurred between 2001 and 2005. These facts are too old to serve as the basis for a §1983 claim. The more recent cancellation of your SNAP benefits doesn't allow you to sue over things that happened when you worked for California DOT, and California DOT cannot be sued for canceling your SNAP benefits.

### V. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's application to proceed in forma pauperis (ECF No. 2), is GRANTED.

Further, IT IS HEREBY RECOMMENDED that all claims against all defendants should be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: April 24, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE